UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| DANIEL DENZEL THOMAS,<br><br>       Plaintiff,<br><br>v.<br><br>UTA P.D.; UTAH P.D.; OFFICER RYAN MORRIEL; OFFICER J. CLARK; OFFICER LEON; and OFFICER T. JORGENSEN,<br><br>       Defendants. | **MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE MOTION FOR FEDERAL CIVIL RIGHTS LAWYER (DOC. NO. 20)**<br><br>Case No. 2:24-cv-00736<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Daniel Denzel Thomas filed this action without an attorney,[1] and he now moves for appointment of counsel.[2]  Because Mr. Thomas does not provide adequate justification for his request, the motion is denied without prejudice.

While defendants in criminal cases have a constitutional right to representation by an attorney,[3] "[t]here is no constitutional right to appointed counsel in a civil case."[4] Appointment of counsel in civil cases is left to the court's discretion.[5]  Indigent parties in civil cases may apply for the appointment of counsel under 28 U.S.C. § 1915(e)(1),

---

[1] (*See* Compl., Doc. No. 1.)

[2] (*See* Motion for Federal Civil Rights Lawyer, Doc. No. 20.)

[3] *See* U.S. Const. amend. VI; Fed. R. Crim. P. 44.

[4] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

[5] *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994).

which allows a court to "request an attorney to represent any person unable to afford counsel."  The applicant has the burden to convince the court his claim has enough merit to warrant appointment of counsel.[6]  When deciding whether to appoint counsel, the court considers a variety of factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present [the] claims, and the complexity of the legal issues raised by the claims."[7]

Considering these factors, appointment of counsel is unwarranted at this stage. Mr. Thomas asks the court to appoint counsel because he does not "know everything about court or the laws" and because he needs "guidance on law and statutes."[8] However, Mr. Thomas has not shown he is unable to afford counsel.  Moreover, it is not yet clear whether Mr. Thomas's claims are meritorious, and the factual and legal issues raised in his complaint do not appear unusually complex.  Accordingly, Mr. Thomas has

---

[6] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

[7] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted).

[8] (*See* Motion for Federal Civil Rights Lawyer, Doc. No. 20 at 1.)

not demonstrated appointment of counsel is warranted at this stage, and his motion for appointment of counsel[9] is denied without prejudice.[10]

DATED this 16th day of January, 2025.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[9] (Doc. No. 20.)

[10] Because the motion is denied without prejudice, Mr. Thomas may file a new motion if he still seeks appointment of counsel, explaining why, under the factors outlined above, his case warrants the appointment of counsel.