UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| DARIEL DENZEL THOMAS,<br><br>Plaintiff,<br><br>v.<br><br>UTAH TRANSIT AUTHORITY POLICE DEPARTMENT; RYAN MORRILL; JOEY CLARK; TRACY JORGENSEN; and CONRAD LEONG,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S FOURTH MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (DOC. NO. 73) AND DENYING AS MOOT PLAINTIFF'S THIRD MOTION TO AMEND (DOC. NO. 69)**<br><br>Case No. 2:24-cv-00736<br><br>Chief District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

  Dariel Denzel Thomas, proceeding without an attorney, has filed a fourth motion for leave to amend his complaint.[1] Defendants oppose the motion, arguing it is untimely and repetitious of Mr. Thomas's numerous prior attempts to amend his pleadings.[2] But where the proposed amended complaint identifies, for the first time, the specific causes of action Mr. Thomas is bringing, and where Mr. Thomas proceeds pro se, justice requires leave to amend be granted. Accordingly, Mr. Thomas's motion is granted, and the court will docket his proposed amended complaint[3] as the operative Third Amended Complaint in this action.

---

[1] (Mot. for Leave to File 4th/5th Am. Compl. (Fourth Mot. to Amend), Doc. No. 73.)

[2] (Mem. in Opp'n to Pl.'s Mot. for Leave to File 4th/5th Am. Compl. (Opp'n), Doc. No. 74.)

[3] (Doc. Nos. 73-1 & 73-2.)

## LEGAL STANDARDS

Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend its pleading "once as a matter of course," within twenty-one days after serving it or twenty-one days after a responsive pleading or motion.[4] "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."[5] Courts must "freely give leave when justice so requires."[6] The purpose of this rule is "to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."[7] "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[8]

Because Mr. Thomas proceeds without an attorney (pro se), his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[9] Still, pro se plaintiffs must follow the same rules of procedure governing other litigants.[10]

---

[4] Fed. R. Civ. P. 15(a)(1).

[5] Fed. R. Civ. P. 15(a)(2).

[6] *Id.*

[7] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotation marks omitted).

[8] *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (citation omitted).

[9] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## BACKGROUND

A review of this case's convoluted procedural history is necessary to understand the present dispute.

<u>Original Complaint and Defendants' First Motion to Dismiss</u>

Mr. Thomas brought this case against the Utah Transit Authority (UTA) Police Department and four UTA police officers in October 2024.[11] Mr. Thomas's original complaint consisted of a form civil rights complaint and an attached exhibit containing his factual allegations.[12] In the exhibit, he described two encounters with law enforcement officers on UTA trains—alleging he was unlawfully cited for a fare violation during the first incident, and unlawfully arrested during the second incident.[13] Mr. Thomas checked a box on the form indicating he was bringing claims under 42 U.S.C. § 1983, but he did not specify causes of action or identify which constitutional rights were violated.[14]

<u>First Amended Complaint and Defendants' First and Second Motions to Dismiss</u>

In January 2025, Defendants moved to dismiss the complaint for failure to state a claim.[15] Mr. Thomas moved to amend his complaint less than twenty-one days later.[16]

---

[11] (*See* Compl., Doc. No. 1.)

[12] (*Id.*; Ex. to Compl., Doc. No. 1-1.)

[13] (*See* Ex. to Compl., Doc. No. 1-1.)

[14] (*See* Compl. 1, 4–5, Doc. No. 1.)

[15] (First Mot. to Dismiss, Doc. No. 24.)

[16] (First Mot. to Amend, Doc. No. 27.)

Because the amendment was permitted as a matter of course under Rule 15(a)(1), the court granted the motion.[17]

Mr. Thomas filed his first amended complaint on February 6.[18] Although Mr. Thomas submitted both a form civil rights complaint and an exhibit containing factual allegations, the exhibit was not docketed at that time due to a court administrative error. The form complaint again did not identify causes of action or contain factual allegations—but it referenced an attached "statement" (the exhibit that had not been docketed).[19]

Defendants moved to dismiss the amended complaint, noting it did "not allege any facts or legal claims."[20] Then, on February 24, the court discovered its error and docketed the exhibit containing Mr. Thomas's factual allegations (which was identical to the exhibit attached to his original complaint).[21] The same day, Mr. Thomas filed a second motion to amend,[22] and he filed a proposed second amended complaint two weeks later.[23]

---

[17] (Doc. No. 28); *see also* Fed R. Civ. P. 15(a)(1).

[18] (First Am. Compl., Doc. No. 29.)

[19] (*See* First Am. Compl., Doc. No. 29.)

[20] (Second Mot. to Dismiss 5, Doc. No. 38.) Defendants' first motion to dismiss was terminated as moot after the first amended complaint was filed. (Doc. No. 36.)

[21] (Ex. to First Am. Compl., Doc. No. 29-1.)

[22] (Second Mot. to Amend, Doc. No. 40.)

[23] (Proposed Second Am. Compl., Doc. No. 42.)

On March 4, the court denied Defendants' motion to dismiss the first amended complaint, noting the court had mistakenly failed to docket the exhibit containing Mr. Thomas's factual allegations.[24] This order permitted Defendants to file a new motion to dismiss by March 25.[25]

Second Amended Complaint and Defendants' Third Motion to Dismiss

On March 18, the court granted Mr. Thomas's second motion to amend and ordered him to file his "second amended complaint in the form found at docket number 42" by April 1.[26] Meanwhile, Defendants filed another motion to dismiss the *first* amended complaint (their third overall motion to dismiss) on March 25—in compliance with the deadline in the March 4 order.[27]

On March 28, Mr. Thomas filed a second amended complaint.[28] A few days later, the court terminated Defendants' third motion to dismiss as moot.[29] But Defendants then moved to strike the second amended complaint because it did not match the proposed second amended complaint (docket number 42) which Mr. Thomas had been granted leave to file.[30] The court granted Defendants' motion and struck the

---

[24] (Order Den. Defs.' Mot. to Dismiss, Doc. No. 44.)

[25] (*Id.*)

[26] (Doc. No. 51.)

[27] (Third Mot. to Dismiss, Doc. No. 52.)

[28] (Second Am. Compl., Doc. No. 58.)

[29] (Doc. No. 59.)

[30] (Mot. to Strike, Doc. No. 60.)

second amended complaint filed on March 28.[31] The court gave Mr. Thomas until July 2 to file the correct version, advising him that the first amended complaint would remain the operative complaint if he failed to file the correct version.[32]

<u>Pending Motions: Mr. Thomas's Third and Fourth Motions to Amend and Defendants' Fourth Motion to Dismiss</u>

On June 27, rather than filing the correct version of his second amended complaint, Mr. Thomas filed a third motion to amend.[33] Defendants filed an opposition on July 11.[34] The same day, Defendants filed a third motion to dismiss the first amended complaint (their fourth overall motion to dismiss).[35] While acknowledging the first amended complaint now contains factual allegations (in the belatedly-docketed exhibit), Defendants renewed their argument that it does not "allege any legal claims."[36]

On July 14, Mr. Thomas filed a fourth motion to amend his complaint.[37] He attached a proposed third amended complaint, comprised of a form civil rights complaint

---

[31] (Order Granting Defs.' Mot. to Strike and Den. Pl.'s Mot. to Counter Strike and Mot. for Clarification, Doc. No. 68.)

[32] (*Id.* at 6.)

[33] (Third Mot. to Amend, Doc. No. 69.)

[34] (Doc. No. 71.)

[35] (Fourth Mot. to Dismiss, Doc. No. 72.)

[36] (*Id.* at 1, 6–8.)

[37] (Fourth Mot. to Amend, Doc. No. 73.)

and the same exhibit containing factual allegations.[38]  Defendants filed an opposition,[39] and Mr. Thomas filed a reply.[40]

## ANALYSIS

As an initial matter, Mr. Thomas's third motion to amend is moot, where he has now filed a fourth motion to amend which supersedes it.  The court considers only Mr. Thomas's fourth motion to amend,[41] and the proposed third amended complaint attached to it.[42]  Defendants argue this motion is "superfluous and repetitive," noting the number of prior motions to amend and Mr. Thomas's failure to comply with a prior order permitting amendment.[43]  As explained below, despite the number of prior motions to amend, justice requires the fourth motion to amend be granted.

First, the proposed third amended complaint is not duplicative of prior amendments.  Unlike Mr. Thomas's prior complaints (and proposed amended complaints), with this amendment, Mr. Thomas identifies specific causes of action and

---

[38] (Proposed Third Am. Complaint, Doc. Nos. 73-1 & 73-2.)  Mr. Thomas describes this proposed pleading as a "4th/5th" amended complaint.  (*See* Fourth Mot. to Amend, Doc. No. 73.)  But this order refers to it as the proposed third amended complaint—where the previously-filed complaints are the original complaint (Doc. No. 1), the operative first amended complaint (Doc. No. 29), and the stricken second amended complaint (Doc. No. 58).

[39] (Opp'n, Doc. No. 74.)

[40] (Reply, Doc. No. 75.)

[41] (Doc. No. 73.)

[42] (Doc. Nos. 73-1 & 73-2.)

[43] (Opp'n 2, Doc. No. 74.)

the constitutional rights he claims were violated.[44] This directly addresses one of the central arguments in Defendants' pending motion to dismiss: that the operative complaint fails to "allege any legal claims."[45] Specifically, Defendants note the first amended complaint does not "list specific causes of action" or "invoke any sort of cognizable legal authority for suing," leaving them "guessing what claims [Mr. Thomas] could be asserting."[46] The proposed third amended complaint remedies this deficiency by listing four causes of action under the First, Fourth, Fifth, and Fourteenth Amendments, and describing the factual basis for each claim.[47] This allows the parties and the court to address the substance of Mr. Thomas's claims—instead of dismissing his case for failure to identify what claims he is bringing. In other words, granting this amendment would permit Mr. Thomas's claims "to be decided on [the] merits rather than on procedural niceties"—consistent with the purpose of Rule 15.[48]

None of the factors justifying denial of leave to amend are present here. These factors are "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[49] As to undue delay, Defendants argue the motion to amend is untimely because Mr. Thomas could have included the proposed new allegations in his prior

---

[44] (Proposed Third Am. Compl. 3, Doc. No. 73-1.)

[45] (Fourth Mot. to Dismiss 1, Doc. No. 72.)

[46] (*Id.* at 7–8.)

[47] (Proposed Third Am. Compl. 3, Doc. No. 73-1.)

[48] *Minter*, 451 F.3d at 1204 (citation omitted).

[49] *Bylin*, 568 F.3d at 1229 (citation omitted).

pleadings.[50] But Mr. Thomas is afforded some leeway as a pro se litigant, and the case is still in its early stages. Moreover, Mr. Thomas filed the present motion to amend only three days after Defendants' most recent motion to dismiss—reflecting a prompt attempt to remedy the deficiencies identified in that motion.

As to undue prejudice, the court is mindful that this is Mr. Thomas's fourth motion to amend—and that Defendants have now filed four motions to dismiss. But this posture is at least partly attributable to the court's administrative error in failing to docket the exhibit to Mr. Thomas's first amended complaint containing his factual allegations. This error created confusion and resulted in a cascade of overlapping amendments and motions to dismiss. Requiring Defendants to respond to another amended pleading will undoubtedly impose some burden, but this does not rise to the level of undue prejudice—particularly where Mr. Thomas does not make new factual allegations but merely clarifies what claims he is bringing.[51] Further, permitting Mr. Thomas to identify his claims does not "unfairly affect[] the defendants in terms of preparing their defense."[52]

As to the remaining factors, the proposed amendment does not fail to cure deficiencies in previously allowed amendments. As noted, it is the first pleading which

---

[50] (Opp'n 5, Doc. No. 74.)

[51] *See Orchestrate HR, Inc. v. Blue Cross & Blue Shield of Kan.*, Inc., No. 19-cv-4007, 2021 U.S. Dist. LEXIS 114180, at *9 (D. Kan. June 18, 2021) (unpublished) ("That [d]efendant may have more claims to defend does not establish the requisite prejudice."); *Jarboe v. Cherry Creek Mortg. Co.*, No. 19-cv-01529, 2020 U.S. Dist. LEXIS 157277, at *10–11 (D. Colo. Aug. 28, 2020) (unpublished) ("[T]he 'prejudice' which arguably results from having to defend a lawsuit is not deemed to be 'undue' prejudice.").

[52] *Minter*, 451 F.3d at 1208 (internal quotation marks omitted).

identifies Mr. Thomas's causes of action.  And there is no evidence Mr. Thomas acted in bad faith or with dilatory motive.  Finally, Defendants do not argue the proposed amendment is futile.

For all these reasons, justice requires leave to amend be granted.

## CONCLUSION

Mr. Thomas's fourth motion[53] for leave to amend his complaint is granted, his third motion to amend[54] is denied as moot, and the court ORDERS as follows:

1. Contemporaneously with this order, the clerk will re-docket the proposed third amended complaint (previously filed at docket numbers 73-1 and 73-2) separately on the docket as the Third Amended Complaint.  This Third Amended Complaint is now the operative complaint in this action.

2. Defendants shall have twenty-one days from the date of this order to answer or move to dismiss to the Third Amended Complaint.

3. Mr. Thomas is advised that, given the number of prior amendments, the court is disinclined to grant further motions to amend the complaint.  If a motion to dismiss is filed, any opposition by Mr. Thomas is due within twenty-eight days.[55]

DATED this 14th day of October, 2025.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge

---

[53] (Doc. No. 73.)

[54] (Doc. No. 69.)

[55] *See* DUCivR 7-1(a)(4)(A).  The District of Utah's Local Civil Rules are available on the court's website at https://www.utd.uscourts.gov/rules-practice.